## GRILLO v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
May 31, 1928.

No. 2234.

Criminal law ⬦786(7)—Instruction that case turns on whether jury thinks defendant was telling truth on stand, held prejudicial error.

In prosecution for conspiracy to bring intoxicating liquor into the United States without paying customs duties and without permit, instruction that "defendant took the stand and case turns on whether you think he was telling the truth" *held* prejudicial error, as leading jury to understand that, if they did not believe defendant, they could find him guilty, since, even if they believed he was lying, they must further find that he entered conspiracy, and that overt act was done in furtherance thereof, notwithstanding court in earlier part of charge had outlined what government was required to prove.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Jack Grillo was convicted of conspiracy to bring intoxicating liquor into the United States without paying lawful customs duty and without permit from the Commissioner of Internal Revenue, and he appeals. Reversed, and remanded for new trial.

Clifford B. Terry, of Gloucester, Mass., for appellant.

John V. Spaulding, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

PER CURIAM. The defendant, Grillo, and five other persons were indicted with having, on or about the 1st day of January, 1925, entered into a conspiracy to bring intoxicating liquor into the United States without paying the lawful customs duties and without a permit from the Commissioner of Internal Revenue. The other five defendants were Joe Mello, John Madruga, William Meisner, alias Casey, Ted Wilson, and Ernest Schoening, all of Gloucester, Mass. Three overt acts were set out: (1) That on or about the 15th day of November, 1926, the defendant, Grillo, sent the gas screw vessel Lilly May to sea from the port of Gloucester in said district of Massachusetts; (2) that on or about the 15th day of June, 1926, the defendant, Grillo, employed one Joseph J. Cooney to aid in the unloading of certain intoxicating liquor; and (3) that on or about the 25th day of February, 1925, the defendant John Madruga accompanied one Joseph F. Grace, from the port of Gloucester in said district of Massachusetts, in a certain motorboat, the name of which is unknown to your grand jurors, bound for Provincetown in said district of Massachusetts. Before trial, three of the defendants, Mello, Schoening, and Madruga, pleaded guilty. Two of the defendants, Casey and Wilson, were not apprehended. Grillo was tried alone, found guilty, and sentenced; and this appeal was taken.

The government called five witnesses, Christopher J. Sullivan and William H. Perry, coast guardsmen attached to the Gloucester Coast Guard Station at Gloucester, Mass., and Joseph Grace, a fisherman at Gloucester. They testified about the conspiracy and the third overt act. John James Cooney and the defendant Ernest Schoening testified in regard to the conspiracy and the first overt act.

The defendant Grillo took the stand in his own behalf.

There are sixteen assignments of error, but we only find it necessary to consider the last one, which is:

"That the District Court erred in the charge in instructing the jury 'that the defendant took the stand, and the case turns on whether you think he was telling the truth,' to which the defendant duly excepted."

It appears in the bill of exceptions that the court, having instructed the jury as to the law of the case, said:

"So much for the law. Now, as to the facts. It would serve no useful purpose for me to rehearse them. The defendant took the stand, and the case turns on whether you think he was telling the truth."

We think this statement was misleading. It was made at the very close of the charge. It gave the jury to understand that, if they did not believe the defendant they could find him guilty. To so charge was a plain error of law. If the jury did not believe the de-

fendant was telling the truth, that would not justify a verdict of guilty. They must go further and find that the defendant entered into a plan or conspiracy with other persons to bring liquor into the country without paying the customs duties and without a permit, and that some overt act was done in furtherance of the conspiracy; and they must be satisfied beyond a reasonable doubt of the proof of these facts. Although the court in the earlier part of its charge outlined what the government was required to prove to establish its case, we nevertheless think that in this parting sentence to the jury it fell far short of what it should have done, and, by so doing, may have misled the jury and excused it from performing its full duty, to the defendant's prejudice.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for a new trial.