### QUERCIA v. UNITED STATES.
#### No. 2688.

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for appellant.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

The appellant and one John Brogna were indicted under two counts and charged with selling, dispensing, and distributing a narcotic drug on two separate days. Brogna pleaded guilty. The appellant was found guilty by a jury. The main issue was whether the evidence warranted a finding by the jury that the appellant participated as a principal in the sale of the drug; the officer who purchased the drug testifying that he paid Brogna for it and it was delivered to him by Brogna.

. The officer, however, further testified that he had a conversation with the appellant and Brogna together as to the price to be paid, and the appellant was referred to by Brogna as the "main connection"; that the price was fixed by the appellant, and the officer was told that Brogna would deliver it and the money could be paid to Brogna; that the appellant did not want to have anything to do with the business.

After his arrest a $5 bill paid to Brogna was found in his possession, identified by its serial number.

At the close of the evidence counsel for the appellant requested the court to instruct the jury that:

"4. Upon all the evidence the Government has not proved that the defendant sold, dispensed or distributed the morphine alleged in said indictment.

"5. To find the defendant guilty on this indictment the Government must prove that the defendant

"(a) Sold the narcotics;

"(b) Dispensed the narcotics;

"(c) Distributed the narcotics;

—and having failed so to prove the defendant must be found not guilty.

"6. The evidence of the witness Hesse that all Quercia did was to discuss the price of the drug does not warrant the jury in finding that he sold, dispensed or distributed the drug."

■ The court refused to give these instructions, but instructed the jury as a matter of law that, if they believed the evidence for the government, they might find the appellant guilty.

As to the principal issue raised at the trial and by the requested instructions, viz. that there was not sufficient evidence to show that the appellant participated as a principal in the sale and distribution of the drug, we think the instruction of the presiding judge was a correct statement of the law. The instruction excepted to was evidently given instead of the instructions requested by the appellant.

It is true that whether the evidence of the government, even if believed, removes all reasonable doubts from the minds of the jury is a question of fact and not of law; and the instruction, if a direction to find the appellant guilty if the jury believed the testimony of the government, would have been prejudicial error, Grillo v. United States (C. C. A.) 26 F.(2d) 461; but we think the jury could not have misapplied this instruction, in view of other portions of the charge, and the defense of the appellant as disclosed by the evidence.

■ The other part of the charge excepted to might well have been omitted. The presiding justice then went on to say: "And now I am going to tell you what I think of the defendant's testimony. You may have noticed, Mr. Foreman and gentlemen, that he wiped

his hands during his testimony. It is rather a curious thing, but that is almost always an indication of lying. Why it should be so we don't know, but that is the fact. I think that every single word that man said, except when he agreed with the Government's testimony, was a lie.

"Now, that opinion is an opinion of evidence and is not binding on you, and if you don't agree with it, it is your duty to find him not guilty."

It is difficult to conceive of a jury accepting seriously such a standard for determining whether a witness was telling the truth.

The bald accusation by a presiding judge that a respondent in a criminal case is a liar is seldom justified, and, if ever, only under unusual circumstances. However, as this court has said in a previous case, Malaga v. United States, 57 F.(2d) 822, no hard and fast rule can be laid down for determining whether a presiding judge has exceeded his prerogative in instructing the jury upon the facts, and each case must stand on its own bottom.

In this case the testimony of the appellant to which the court referred is not printed in the record. So far as appears from the record, the appellant may have clearly deserved the characterization, and the appellant could not have been prejudiced thereby. The jury was expressly told that it was only the opinion of the presiding judge, and that, if they did not agree, it was their duty to find him not guilty, which on the other hand may have been more favorable to the appellant than the evidence warranted.

The judgment of the District Court is affirmed.

BINGHAM, Circuit Judge (dissenting).

The instruction of the presiding judge to the jury, "And now I am going to tell you what I think of the defendant's testimony. You may have noticed, Mr. Foreman and gentlemen, that he wiped his hands during his testimony. It is rather a curious thing, but that is almost always an indication of lying. Why it should be so we don't know, but that is the fact. I think that every single word that man said, except when he agreed with the Government's testimony, was a lie," cannot, by any stretch of the imagination, be regarded as a fair, dispassionate statement by a judge to a jury in a criminal case. Although a presiding judge in the federal court may express his opinion on the facts, if he informs the jury that they are not bound by his opinion if they do not agree with him,

nevertheless there is a limit beyond which he cannot go, and I am bound to say that the above instruction was so charged with passion and prejudice that it exceeded the bounds of fair comment, and caused a mistrial.

Furthermore, the instruction, couched as it was, was not only highly prejudicial, so far as it was an expression of opinion, but it contained a statement of fact by the presiding judge of which there was no evidence. He said: "You may have noticed, Mr. Foreman and gentlemen, that he (the accused) wiped his hands during his testimony * * * that is almost always an indication of lying. Why it should be so, we don't know, but that is the fact." In other words, he said: If a witness wipes his hands during his testimony, it is a fact indicative of lying. There was no evidence in the case to this effect. In making this statement, the presiding judge was testifying, and his testimony was of that subtle character that was highly prejudicial. It is not the province of a federal judge to testify in his charge—that is not comment on the evidence—and, when he does so and his testimony is prejudicial, it will render the trial unfair. That is what happened in this case.